the said Robert Brockett, Sen., in the peace of God and of the United States, then and there being, did make an assault, and him, the said negro Nat, did then and there cruelly, inhumanly, and maliciously, cut, slash, beat, and ill-treat, and other wrongs and injuries to the said negro Nat, then and there did, to the great damage of the said negro Nat, and against the peace and government of the United States."

Mr. Taylor, for defendant, contended that if the whipping be private, there is no limit, so that it does not extend to voluntary killing or mutilation. But in order to prevent the necessity of the court's giving any instruction on this point, he admitted that if the jury should be of opinion that the offence justified the language of the indictment, it is an indictable offence.

Mr. Swann, for United States, cited Respublica v. Teischer, 1 Dall. [1 U. S.] 335.

The jury found the following verdict: "We, of the jury, find the traverser not guilty of the counts as stated in the indictment, but recommend that the court should express their strong disapprobation of similar conduct. C. Griffith, Foreman."

---

## Case No. 14,652.

### UNITED STATES v. BROCKIUS.

[3 Wash C. C. 99.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1811.

WITNESS—COMPETENCY—CONVICTION—INFAMOUS OFFENCE.

1. A person who had been convicted in a court of this state, of an assault and battery with intent to murder, and sentenced to fine and imprisonment, is a competent witness.

[Cited in Boyd v. State (Tenn.) 29 S. W. 901; Com. v Dame, 8 Cush. 385.]

2. If incompetency, produced by the conviction of a witness, depends on the punishment, and not the nature of the offence, yet where an infamous punishment, in the discretion of the court, is not added, there is no disqualification, because it might have been inflicted. Fine and imprisonment is not an infamous punishment.

[Cited in U S v. Block, Case No. 14,609.]
[Cited in State v. Nolan (R. I.) 10 Atl. 482.]

Indictment for smuggling. One of the witnesses, in favour of the prosecution, was objected to, on the ground, that he had been convicted of an assault and battery with intent to murder, and had been sentenced to pay a fine, and to six months imprisonment, as appeared by the record produced in evidence.

Mr. Levy, for defendant, read the following cases: Co. Litt. 6, 13; Kel. 37, 38; 2 Wils. 18; 2 Bac. Abr. 583; 4 Bl. Comm. 217; 1 East, P. C. 407.

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

---

Mr. Dallas read McNal. Ev. 206 et seq.

BY THE COURT: The punishment of this offence at common law, is fine and imprisonment, and frequently the pillory is added; but it seems to be in the discretion of the court. In lieu of the common law punishment of branding, whipping, and pillory, the Penal Code of this state, has substituted confinement and hard labour. Now, even if the incompetency produced by conviction, depended on the punishment, instead of the nature of the offence: where the infamous punishment forms no part of the sentence, there would be no disqualification, because it might have been inflicted. In this case, the punishment by fine and imprisonment, is not to be considered as an infamous punishment, so as to render the witness incompetent.

The case was left to the jury, on the evidence, who found the defendant not guilty.

Quere per WASHINGTON, whether, in any case, the statutory punishment, by confinement to hard labour, will destroy the competency of the witness, unless the crime is infamous?

---

## Case No. 14,653.

### UNITED STATES v. BROD et al.

[18 Int. Rev. Rec. 164.]

Circuit Court, N. D. New York. 1873.

PARTNERSHIP—BONDS—AUTHORITY OF ONE PARTNER TO BIND—WAREHOUSE BOND.

A partner, acting with assent of his copartners, may bind all the members of his firm by a joint and several bond, made by him in firm name, and under a single seal affixed to firm signature. This is so without reference to section 25, Act March 1, 1823 [3 Stat. 737]; and hence, although warehouse bonds may not be duty bonds, and therefore not covered by that section, yet one entered into by a member of a firm, in the name of the firm will equally bind his partner in trade.

[This was a suit by the United States against M. Brod & Co. and others.]

---

## Case No. 14,654.

### UNITED STATES v. BRODHEAD et al.

[3 Law Rep. 95.]

District Court, D Massachusetts. Dec. Term, 1839.

OFFICERS—FRAUDULENT TRANSACTIONS OF CLERKS—EXTRA COMPENSATION—BOND—SURETIES—PAST DEFALCATIONS.

1. A navy agent being a defaulter to the government, a new bond was required. Held, that the sureties on the new bond, in this case, were responsible for past defalcations of the principal, as well as for the future.

2. Public officers are not responsible for a fraudulent transaction of their clerks, if it is not attributable to their own negligence.

[Cited in Robertson v. Sichel, 127 U. S. 517, 8 Sup. Ct. 1291.]